OPINION OF THE COURT
Anthony J. Fiorella, Jr., J.
Respondent moves for summary judgment pursuant to CPLR 3212 upon the ground that petitioner’s commencement of a nonpayment proceeding during the pendency of a holdover proceeding has vitiated the prior termination notice and has reinstated respondent’s tenancy.
Landlord commenced a holdover proceeding in February of 1988 following service of a 10-day notice to cure and a 30-day notice to terminate in November of 1988. Landlord alleged that tenant’s conduct in and about the premises constituted a nuisance: tenant threatened elderly tenants with physical injury; knocked on other tenants’ doors at all hours; screamed *429 profanities in the lobby and hallway at all hours. Landlord further alleged that tenant caused damage to her apartment and to building mailboxes.
This matter was settled on March 23, 1989 pursuant to the terms of a written stipulation wherein both parties were represented by counsel. The relevant portions of the stipulation are as follows:
"1) Final judgment of possession entered;
”2) issuance of warrant is stayed on condition that tenant complies in all respects with a 6 month probationary period wherein the tenant shall not commit any of the following acts: "a) threaten the tenants with physical injury,
"b) knock on tenants’ doors or ring door bells at late hours of the evening;
"c) refrain from using profanities in the hallway;
"d) cause damage, to the apartment or building;
"e) break mail boxes. In the event of a default, landlord may move on 5 days notice to tenant’s attorney for the issuance of a warrant of eviction.” (Emphasis added.)
In addition, a money judgment of $3,776.50 was entered in favor of the landlord which was to be paid by April 7, 1989. The stipulation further provided that "in case of a default by the tenant with regard to her conduct, the only issue for the hearing will be the issue of breach of stipulation.” (Emphasis added.)
On May 12, 1989 petitioner commenced a nonpayment proceeding for April and May rent arrears for which there was no provision in the March stipulation.
On May 31, 1989 petitioner moved on notice for the issuance of a warrant of eviction alleging that respondent had breached the stipulation by threatening another tenant with physical injury and screaming profanities at the same tenant in the elevator of the subject premises.
The matter was adjourned on at least three occasions to allow attorneys on both sides to reach a settlement. However, on September 14, 1989, respondent moved, by order to show cause, for summary judgment dismissing landlord’s holdover petition.
Respondent asserts that the commencement of a nonpayment proceeding during the pendency of a holdover proceeding vitiates the holdover proceeding. This principle has generally been accepted as a matter of law. (16 Park Ave. Owners *430 Corp. v Passero, NYU, Aug. 1, 1988, at 19, col 1 [Civ Ct, NY County]; Ansonia Assocs. v Pearlstein, 122 Misc 2d 566 [Civ Ct, NY County 1984].) However, courts have also held that in holdover proceedings where judgment of possession has been suspended solely on condition that a tenant refrain from objectionable conduct, a landlord may not thereafter attempt to restore the case for the purpose of seeking rent due subsequent to the conditional judgment of possession. (Bruk Mgt. Co. v Rita, NYLJ, Aug. 1, 1984, at 6, col 1 [App Term, 1st Dept].)
Bruk Mgt. Co. v Rita (supra) presents a fact pattern of substantial similarity to the instant case. In Bruk, the landlord commenced a nuisance holdover against a rent-stabilized tenant in or about July 1981. After trial, the court found that tenant had assaulted two workmen with flower pots, had threatened the wife of one of the owners of the building, and had allowed her dogs to urinate in common areas of the building. The trial court awarded judgment in favor of the landlord. On April 1, 1982 the trial court, by a postjudgment order, suspended the possessory judgment on condition that tenant refrain from further objectionable conduct (judgment and postjudgment order affd Bruk Mgt. v Rita, NYU, June 1, 1983, at 6, col 3 [App Term]). In December 1982 the landlord moved to vacate the suspension of the judgment on the grounds that tenant had not paid rent for nine months. After a hearing, the trial court found that tenant owed $1,408.50 in rent arrears, reinstated the possessory judgment, and stayed the warrant through February 28, 1983. Respondent appealed and Appellate Term held that trial court had acted improperly in vacating the suspension of the possessory judgment on the basis of nonpayment of rent: "The judgment in the holdover proceeding was suspended on the condition that tenant not engage in further 'objectionable conduct.’ In seeking to vacate the order suspending the judgment, landlord did not allege any 'objectionable conduct’ on tenant’s part resembling the acts upon which the original judgment was based * * *. Landlord simply alleged nonpayment of rent. Landlord could not bootstrap a nonpayment proceeding onto the prior holdover proceeding in this fashion and it was inappropriate for the court to hold, in essence, a nonpayment trial without a nonpayment proceeding ever having been instituted.” (Bruk Mgt. Co. v Rita, NYU, Aug. 1, 1984, at 6, col 1, supra.) The court in Bruk Mgt. (supra) clearly suggests that a nonpayment proceeding would have been the appropriate remedy for the *431 landlord despite the existence of the conditional possessory judgment resulting from the prior holdover action.
In the instant case, the stipulation of March 23, 1989 represents a conditional possessory judgment similar to that found in Bruk Mgt. (supra). The stipulation in the instant case provides for a six-month probationary period unlike the Bruk Mgt. case which provided no time period in which the judgment would be automatically vacated. The inclusion of a stated probationary period should not foreclose the landlord’s right to commence a nonpayment proceeding. Indeed, if the probationary period were one year would the landlord be precluded from commencing a nonpayment proceeding for the entire period? The Bruk Mgt. court clearly suggests otherwise. If the stipulation of March 23, 1989 had included payment of rent within the probationary period as an additional condition, this court would likely have found that the facts of this case placed it within the holding of McCoack v Geidel (NYU, Nov. 22, 1978, at 15, col 1 [App Term, 2d Dept]) and similar cases.
In McCoack v Geidel (supra), a final judgment of possession was entered in favor of the landlord pursuant to a written stipulation which also provided that tenant pay use and occupancy at $220.20 per month. Issuance of the warrant of eviction was stayed until June 30, 1977. The tenant defaulted on rent for March through June 1977. On June 10, 1977 landlord commenced a nonpayment summary proceeding to recover rent for the period of default. The trial court entered final judgment in the nonpayment action in favor of the landlord, again by stipulation, for possession as well as for arrears. The tenant then moved to vacate the final judgment in the holdover proceeding. The trial court denied the tenant’s motion and the Appellate Term reversed this order and dismissed landlord’s holdover petition. McCoack is clearly distinguishable from the instant case insofar as the McCoack stipulation in the holdover action provided for use and occupancy through June 30, 1977. The landlord could look directly to the stipulation in seeking enforcement of its use and occupancy provisions and the facts in McCoack do not suggest that a conditional judgment was in effect.
The respondent also cites Ansonia Assocs. v Pearlstein (122 Misc 2d 566 [Civ Ct, NY County 1984], supra). In Ansonia, the landlord commenced a nonpayment proceeding prior to resolution of a pending holdover (supra). The landlord claimed that the institution of the nonpayment action was the result of *432 computer error (supra, at 568). The court granted tenant’s motion for summary judgment and dismissed landlord’s holdover petition. The court held that by a series of affirmative actions on the part of the landlord and his attorneys, landlord could not claim that the nonpayment proceeding was the result of inadvertence (supra, at 567-570). In the instant case there is no claim of inadvertence by the landlord and the holdover proceeding had been resolved by stipulation prior to the commencement of the nonpayment action.
CONCLUSION
Since the nonpayment proceeding was commenced subsequent to the resolution of the holdover proceeding and the stipulation in the holdover proceeding provided for possessory judgment to be enforced only if tenant engaged in specifically proscribed conduct (not including nonpayment of rent), the nonpayment proceeding clearly did not vitiate the holdover proceeding. This proceeding served the tenant with notice that petitioner was merely seeking rent arrears which became due subsequent to the settlement of the holdover proceeding and in a manner which was not inconsistent with the terms of the stipulation in the prior holdover proceeding.
Accordingly, respondent’s motion for summary judgment pursuant to CPLR 3212 is denied.